```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW HAMPSHIRE
```

Carrie Hastings

    v.                                      Civil No. 17-cv-84-JL
                                            Opinion No. 2018 DNH 185

Nancy A. Berryhil, Acting
Commissioner,
Social Security Administration

**ORDER ON APPEAL**

At issue in this Social Security appeal is whether an Administrative Law Judge erred when, after a remand, he "reconsidered" his earlier finding that plaintiff Carrie Hastings suffered from a severe impairment and denied her application for disability benefits. Hastings has moved to reverse the decision. See LR 9.1. The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision. See id. After careful consideration of the parties' memoranda, the administrative record and relevant cases, the Court is persuaded that the ALJ exceeded the scope of the remand. The court therefore grants Hastings's motion and denies the Acting Commissioner's motion.

**I.    Applicable legal standard**

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v.

Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  Though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."  Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).  The court therefore "must uphold a denial of social security . . . benefits unless 'the [Acting Commissioner] has committed a legal or factual error in evaluating a particular claim.'"  Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II. Background[1]

### A. Prior proceedings

Hastings first applied for disability benefits in 2005, alleging that she became disabled in 2001.[2] After a hearing, ALJ Klingebiel found that Hastings was not disabled[3] within the meaning of the Social Security Act.[4] The Appeals Council vacated that decision and remanded the case for a new hearing.[5] ALJ Klingebeil again denied Hastings's claim.[6] The Appeals Council vacated the second denial and remanded the case for another hearing.[7] Following that hearing, ALJ Levin denied Hastings

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts (doc. no. 16) is incorporated by reference.

[2] Admin. R. at 91.

[3] "The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

[4] Admin. R. at 82.

[5] Id. at 82-83.

[6] Id. at 62.

[7] Id. at 48.

claim a third time.[8]  The Appeals Council denied Hastings's request for review.[9]

Hastings appealed the third denial to this Court.  See Hastings v. Colvin, Civ. No. 14-419-PB (D.N.H filed Sept. 26, 2014) ("Hastings I").  After the case had been pending for approximately nine months, the Acting Commissioner filed an assented-to motion "for entry of final judgment . . . with reversal and remand of the cause to the defendant."[10]  The court granted the motion, adopting the Acting Commissioner's instructions to the ALJ to:

> clarify the period at issue addressing the alleged onset date, further consider the opinion evidence of record, including Dr. [Hugh] Fairley's opinion, reassess Plaintiff's maximum residual functional capacity [(RFC)] throughout the period at issue with reference to specific evidence of record in support of the assessed limitations, obtain supplemental vocational expert testimony, and issue a new decision.[11]

After the remand, the Appeals Council vacated ALJ Levin's decision and remanded the case for a new hearing, which ALJ Levin conducted in January 2016.

---

[8] Id. at 1795.

[9] Id. at 1922.

[10] Id. at 1905.

[11] Id.

4

B. The decision under review

ALJ Levin invoked the requisite five-step sequential evaluation process in assessing Hastings's request for benefits. See 20 C.F.R. §§ 404.1520, 416.920. After determining that Hastings had not engaged in substantial gainful activity for a continuous 12-month period after the alleged onset of her disability, the ALJ analyzed the severity of her impairments. At this second step, the ALJ concluded that Hastings had the following severe impairments: obesity, degenerative lumbar disc disease, diabetes mellitus, and hearing loss.[12] In addition, and as particularly relevant to this appeal, the ALJ reversed his previous finding (made after Hastings's third hearing) that Hastings's bilateral carpal tunnel syndrome qualified as a severe impairment.[13] The ALJ made this finding after "reconsideration of the evidence in its totality," rather than on any new evidence.[14] In his earlier decision, after finding that Hastings's carpal tunnel syndrome was a severe impairment, ALJ Levin incorporated that finding into his residual functional capacity ("RFC") determination, which limited Hastings to only occasional bilateral overhead reaching and only frequent

---

[12] Id. at 1775.

[13] Id. at 1776.

[14] Id.

5

handling and grasping with her left hand.[15]  After rescinding the carpal tunnel syndrome finding, ALJ Levin included no manipulative limitations in Hastings's RFC.[16]

At the third step, the ALJ found that Hastings's remaining severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the Social Security regulations.[17]  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

After reviewing the record medical opinions, the ALJ concluded that Hastings retained the RFC to perform sedentary work, see 20 C.F.R. §§ 404.1567(a), except that:

> She must avoid all ladders ropes and scaffolds.  She must avoid all kneeling, crouching, and crawling.  She could occasionally stoop and balance, with occasional being defined as up to one-third of the workday.  She could occasionally push and pull with the upper extremities as needed to use hand controls.  She must avoid even moderate exposure to loud background sounds.[18]

Based on a vocational expert's testimony, the ALJ found that, even limited in this manner, Hastings could perform her past relevant work as a telemarketer, as her RFC did not prevent

---

[15] Id. at 18, 23.

[16] Id. at 1775, 1782.

[17] Id. at 1781.

[18] Id. at 1782.

her from performing the requirements of that job.[19]  The ALJ concluded his analysis and found that Hastings was not disabled within the meaning of the Social Security Act.[20]

### III. **Analysis**

Hastings challenges three aspects of the ALJ's decision. First she argues that the ALJ improperly rescinded his earlier finding that her bilateral carpal tunnel syndrome was a severe impairment.[21]  Next, she argues that the ALJ erred by finding that her cellulitis was not a severe impairment.[22]  Hastings's third claim is that the ALJ erred by finding that she could return to her job as a telemarketer.[23]  That job, she asserts, includes a "moderate" noise intensity, while the RFC provides that Hastings "must avoid even moderate exposure to loud background sounds."[24]  The court agrees that remand is warranted based on the first claim of error, and that the ALJ must treat Hastings's carpal tunnel syndrome as a severe impairment.

---

[19] Id. at 1790.

[20] Id. at 1791.

[21] Pltff. Mot. (doc. no. 9) at 5.

[22] Id. at 9.

[23] Id. at 13.

[24] Admin. R. at 1782.

7

A. Scope of remand

Pursuant to Social Security regulations, "[w]hen a Federal court remands a case to the Commissioner for further consideration," the Commissioner may in turn remand it to the administrative law judge, and "[a]ny issues relating to [the] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in [the] case." 20 C.F.R. § 404.983. But it is also "well established that 'district courts have the power to limit the scope of remand' in this kind of case and that the SSA – notwithstanding its regulations – must abide by the court's limiting instructions." Warner v. Astrue, 2010 DNH 095, 2 (quoting Thompson v. Astrue, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008)). "Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." Sullivan v. Hudson, 490 U.S. 877, 885-86 (1989).

The Assistant Commissioner argues that the ALJ, in "revisiting" Hastings's carpal tunnel syndrome, was permissibly "acting in ways that go beyond, but are not inconsistent with, the district court's opinion." Hollins v. Massanari, 49 F.App'x 533, 536 (6th Cir. 2002).[25] But here, ALJ Levin's reconsideration

---

[25] Def. Mot. (doc. no. 12) at 6.

8

was inconsistent with the text of the remand order. That order, which adopted the language of the Acting Commissioner's motion, called upon the ALJ to, inter alia, "reassess the plaintiff's maximum [RFC] . . . with reference to specific evidence of record in support of the assessed limitations . . . ." (emphasis added).[26] The Acting Commissioner's use of the past-tense term "assessed limitations" in Hastings I persuades the court that the remand was limited to consideration of those limitations already "assessed," which includes Hastings's carpal tunnel syndrome. It did not give the ALJ license to rescind any such assessment.

The court is further persuaded by decisions from the District of Maine and elsewhere holding that "reconsideration of the finding at Step 2 that a claimant's impairment is severe is foreclosed when the remand order does not specifically direct the [ALJ] to undertake that task." Staples v. Colvin, No. 2:15-cv-392-DBH, 2016 WL 4146083, at *2 (D. Me. Aug. 3, 2016), report and recommendation, adopted by 2016 WL 5854510 (D. Me. Oct. 6, 2016) (citing Day v. Astrue, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *5 (D. Me. Dec. 30, 2012), report and recommendation adopted by 2013 WL 214571 (D. Me. Jan. 18, 2013)); see also Drummond v. Comm'r Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997)

---

[26] Hastings I, doc. no. 10.

(holding that ALJ may not change finding of severe impairment to not severe on remand absent evidence of improvement in plaintiff's condition); Carrillo v. Heckler, 599 F. Supp. 1164, 1168 (S.D.N.Y. 1984) ("[T]he remand order specifically stated the purpose for remand.  That purpose did not include reconsideration of the severity of plaintiff's impairments.  Reconsideration by the ALJ of that issue, therefore, was inconsistent with and beyond the scope of [the remand] order.").

Given the vocational expert's testimony regarding the significance of manipulative limitations,[27] the ALJ's error was not harmless.  See Evangelista v. Sec'y Health & Human Servs., 826 F.2d 136, 140 (1st Cir. 1987) ("We have held that remand is indicated only if, were the proposed new evidence to be considered, the Secretary's decision "might reasonably have been different.") (internal quotation omitted).  Accordingly, the ALJ's deviation from the previous remand order is "legal error, subject to reversal."  Sullivan, 490 U.S. at 885-86.

In an effort to assist the parties in bringing this long-running claim to a conclusion, the court briefly addresses plaintiff's other assertions of error.

---

[27] Admin. R. at 2421 (vocational expert testifying that past work could not be performed with handling and fingering limitations).

10

B. Cellulitis

Hastings argues that the ALJ should have found that her cellulitis was a severe impairment due to multiple hospitalizations, totaling 80 days, over the course of 19 months.[28]  But as the ALJ correctly observed, a condition must cause more than mild limitations in work activity for 12 consecutive months.[29]  See 20 C.F.R. 404.1509.  The ALJ cited medical records showing that Hastings's condition resolved quickly with treatment after each hospitalization.[30]  This is sufficient to support his conclusion, as "claimant's hospitalization and periods of recuperation represent distinct and separate periods of disability which cannot satisfy the statutory requirement of continuous disability."  Maher v. Secy' of Health & Human Servs., 898 F.2d 1106, 1109 (6th Cir. 1989).

C. Hearing limitation

As noted, the ALJ ultimately found that Hastings could return to her job as a telemarketer.  According to the Department of Labor, this job has a limitation to a noise intensity of "moderate" on a scale that also includes "loud" and

---

[28] Pltff. Mot. (doc. no. 9) at 9.

[29] Admin R. at 1777.

[30] Id. at 1777-78.

"very loud."[31] Hastings argues that this is inconsistent with the ALJ's RFC assessment, pursuant to which she was to avoid "even moderate exposure to loud background sounds." The Acting Commissioner asserts that the ALJ's use of "moderate" was intended to modify "the frequency at which Plaintiff could be exposed to loud background sounds," as opposed to the job description, which used the word "to describe the decibel level that one would be exposed to while working . . . ."[32] Thus, according to the Commissioner, Hastings would not be exposed to "loud" sounds. The Acting Commissioner has the better of the argument. In questioning the vocational expert, the ALJ specifically asked about "even moderate exposure to loud background sound."[33] The use of both "moderate" and "loud" in the question persuades the court that the former term is a temporal limitation. And Hastings cites no evidence suggesting that she would be exposed to noise beyond the limits of her RFC.

---

[31] U.S. Department of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, 1993, at 355, Appendix D-2.

[32] Def. Mot. (doc. no. 12-1) at 16-17.

[33] Admin. R. at 2420.

## IV. Conclusion

The court's remand order in Hastings I did not permit the ALJ to reject his prior finding that Hastings's carpal tunnel syndrome was a severe impairment. The plaintiff's motion to reverse[34] is therefore GRANTED. The Assistant Commissioner's motion to affirm[35] is denied. The case is remanded. Upon remand, the ALJ shall reinstate the finding of severity, and include the resulting limitations in a revised RFC. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated: September 12, 2018

cc: Alexandra M. Jackson, Esq.
    Karen B. Fitzmaurice, Esq.
    Robert J. Rabuck, AUSA

---

[34] Doc. no. 9.

[35] Doc. no. 12.

13